# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CAROL WALTERS,** | : | Case No. 5:07-CV-2553 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | **ORDER** |
| | : | |
| **Defendant.** | : | |

Before the Court is plaintiff counsel's post-judgment Motion for Attorneys Fees Pursuant to 42 U.S.C. Section 406(b)(1). (Doc. 22.) On July 16, 2010, the Court referred this matter to Magistrate Judge Nancy A. Vecchiarelli ("Judge Vecchiarelli"), pursuant to 28 U.S.C. § 636 and Local Rule 72.1, for a report and recommendation ("R&R") on the instant motion. (Doc. 24.) Although the Defendant did not oppose the motion, the Plaintiff, Carol Walters ("Walters"), did. (*See* Doc. 26-1.) On August 11, 2010, however, Walters and her counsel, Binder & Binder, settled on $10,000 as an appropriate amount of attorney fees. (Doc. 30 at 1.) Subsequently, on August 13, 2010, Judge Vecchiarelli submitted her R&R, recommending that the Motion for Attorneys Fees be granted in part and denied in part to reflect the fee settlement sum of $10,000. (*Id*.) No party objected to the R&R.

The Court has reviewed Judge Vecchiarelli's R&R, *de novo*, and agrees with its conclusions – most importantly, that the settlement amount is not unreasonable for the type of work performed. (*See* Doc. 30 at 5.) Because neither party has objected to the Magistrate Judge's well-reasoned R&R,

further explanation of the Court's reasoning is not required.[1] *Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1986).

Accordingly, the Court **ADOPTS** Judge Vecchiarelli's R&R in its entirety. The Motion for Attorneys Fees is therefore **GRANTED IN PART** and **DENIED IN PART** to reflect the fee settlement sum of $10,000, and the fee settlement is **APPROVED**.

**IT IS SO ORDERED.**

                                                  s/**Kathleen M. O'Malley**
                                                  **KATHLEEN MCDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

DATED: December 20, 2010

---

[1] By failing to file objections to the R&R, the parties have also waived their right to appeal this Order. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("This court has repeatedly held that a defendant *must* file such objections in order to preserve the issue for appeal. A failure to do so results in a waiver of that issue.") (citations omitted); *Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review.") (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). *See also Thomas v. Arn*, 474 U.S. 140, 149 (1985), *reh'g denied*, 474 U.S. 1111 (1986) (holding that § 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.")